RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner v. TAX COURT OF PUERTO RICO, Respondent; ANA MARÍA SUGAR CO., Intervener.

No. 135. Argued June 3, 1947.—Decided July 29, 1947.

*Luis Negrón Fernández, Attorney General,* and *Carlos Santana Be-
cerra, Assistant Attorney General,* for petitioner. *J. Alemañy
Sosa* for intervener, complainant in the main proceeding.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The Ana María Sugar Company, Inc. filed with the Treas-
urer of Puerto Rico (to whom we shall hereinafter refer as
Treasurer) on *December 13, 1937,* its income tax return cor-
responding to the fiscal year ended on June 30, 1937. On
*November 16, 1944,* the Treasurer sent a notice of deficiency
to the taxpayer for 1937. On *November 29, 1944,* the tax-
payer moved for a reconsideration of said notice and asked
that an administrative hearing be granted to it. On *De-
cember 6, 1944,* the Treasurer notified the taxpayer that he

would grant its petition for an administrative hearing if it waived the period of prescription. To this the taxpayer agreed, a contract being signed by both parties which reads as follows:

"WAIVER OF PERIOD OF PRESCRIPTION

"At San Juan, Puerto Rico, on the 9th day of December, 1944, the taxpayer, Ana María Sugar Co., Inc., of the municipality of Mayagüez, as party of the first part, and Rafael Buscaglia, Treasurer of Puerto Rico, as party of the second part, stipulate and agree as follows:

"1st: That, pursuant to the provisions of Income Tax Act No. 74, of August 6, 1925, as subsequently amended, the taxpayer in this case by itself or by its representative, Mr. Alemañy Sosa, waives for all legal purposes the period of prescription of seven (7) years provided by Section 60 of said Act, as to the assessment, imposition, and collection of income tax with respect to his income return corresponding to the taxable year ended on June 30, 1937.

"2d: That the waiver of the prescription period as to the income return corresponding to 1947 shall take effect from the day the deficiency was notified by the Treasurer of Puerto Rico, that is, November 16, 1944, until after the setting and holding of the Administrative Hearing requested in this case and for an additional period of ninety (90) days, counted from the date the administrative hearing is held.

"3d: That the Treasurer of Puerto Rico may, at any time prior to the notice of the decision of the administrative hearing granted in this case, impose the deficiency subject matter of this agreement and make the notice and demand of payment immediately if he believes that the assessment or the collection of the deficiency may be jeopardized by the delay as provided by subdivision (c), Section 57 of the Act.

"4th: It is further agreed that if Ana María Sugar Co., Inc., taxpayer herein, should take an appeal to the Tax Court of Puerto Rico from the deficiency imposed by the Treasurer as a result of the administrative hearing, then the period of prescription shall be extended for such time as the case be pending before said court and for an additional period of ninety (90) days after final decision is rendered by said court; it is further agreed that if no appeal were taken to the Tax Court of Puerto Rico from the deficiency notified as a result of said administrative hearing, then the period

shall be extended for forty-five (45) days, counted from the date the decision of the administrative hearing is notified. "(S) J. ALEMAÑY SOSA, Attorney for Taxpayer.—RAFAEL BUSCAGLIA, Treasurer of Puerto Rico.—"

The Treasurer then granted the administrative hearing sought by the taxpayer which was held on *May 21, 1945*. It was not until *November 26, 1945*, that the Treasurer notified the taxpayer the result of the administrative hearing and he assessed and imposed the amount of the deficiency for 1937.

Feeling aggrieved by the Treasurer's decision, the taxpayer appealed to the Tax Court and alleged, principally, that the Treasurer committed error in imposing and assessing the deficiency for 1937 because more than seven years had elapsed since the taxpayer filed his income tax return on December 13, 1937 until November 26, 1945, when the deficiency was assessed. The Tax Court granted the complaint, and on motion of the Treasurer we have issued the present writ of review.

In deciding the complaint the Tax Court stated that pursuant to §§ 60(*a*) (1) and 61(*b*) of the Income Tax Act in force [1] and to the terms of the agreement as to the waiver of the period of prescription signed by the parties, since the hearing was held on May 21, 1945, and the imposition of the deficiency was notified on November 26, 1945, the ninety (90)

---

[1] These Sections appear under the title of "Period of Limitation Upon Assessment and Collection of Tax" and they provide:

"Section 60.—(*a*) Except as provided in section 61 and in subdivision (*b*) of section 57 and in subdivision (*b*) of section 62:

"(1) The amount of income and excess-profits and the amount of income taxes imposed by this Act, as amended, *shall be assessed* within seven (7) years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period. (Amended by Act No. 31, approved April 12, 1941, effective from January 1, 1940.)

"* * * * * * *

"Section 61.—(*a*). . . . . . . .

"(*b*) Where both the Treasurer and the taxpayer have consented in writing *to the assessment* of the tax after the time prescribed in section 60 for its assessment the tax may be assessed at any time *prior to the expiration of the period agreed upon.*" (Italics ours.)

days stipulated in paragraph 2 of the agreement had expired and therefore that the Treasurer erred in dismissing the plea of prescription set up by the taxpayer.

 Petitioner urges, first that under the terms of the contract of waiver of the period of prescription, the Treasurer's right to collect this tax had not prescribed; and, second, that as a matter of law and independently of the existence of the contract, the Treasurer was authorized by law to impose the tax in this case since his right had not prescribed.

We do not agree with petitioner. The notice of deficiency served by the Treasurer on the taxpayer on November 16, 1944, was in accordance with § 57(a) of the Act, which, as amended by Act No. 23 of November 21, 1941 (Spec. Sess. Laws, p. 72) reads, in its pertinent part, thus:

"Section 57.—(a) If, in the case of any taxpayer, the Treasurer determines that there is a deficiency in respect to the tax imposed by this title, the taxpayer, except as provided in subdivision (c), shall be notified of such deficiency by registered mail, but such deficiency shall be *assessed* in the manner established in subdivision (b). Within fifteen (15) days immediately after the date of such notice, the taxpayer may apply to the Treasurer for a reconsideration of said determination of deficiency, stating in his application the grounds on which the same is based, and the Treasurer may grant him an administrative hearing before deciding the matter, or he may deny the reconsideration requested without any hearing if, in his judgment, said application is clearly unfounded. If the taxpayer does not agree with the resolution of the Treasurer with regard to any deficiency, he may, within thirty (30) days immediately following the date on which he is notified of the resolution, file with the Court of Tax Appeals of Puerto Rico a complaint against the Treasurer, in the manner provided for in the Act creating said court; ..." (Italics ours.)

It is true that § 60(b) of the Act provides that "The period within which an *assessment* is required to be made by this Section in respect of any deficiency [2] shall be ex-

---

[2] Within seven years after filing the income tax return, pursuant to § 60(a) (1), *supra*.

tended (1) by thirty (30) days if a notice of such deficiency has been mailed to the taxpayer under subdivision (*a*) of § 57 and no appeal has been filed with the Court of Tax Appeals (*sic*) of Puerto Rico, and (2) if an appeal has been filed, then the prescription period shall be extended by ninety (90) days after the final decision of the board." (Italics ours.) However, this Section is not involved in the case at bar because the Treasurer, invoking § 61(*b*), *supra*, induced the taxpayer, as a condition to the granting of the administrative hearing, to sign an agreement waiving the prescriptive period of seven years to assess the tax and it having been signed by the parties, the Treasurer cannot allege now that he is not bound by its terms. As stated in 10 Mertens Law of Federal Income Taxation, § 57.53, pp. 212–3, "The taxpayer may limit a waiver if he so desires; if it is accepted by the Commissioner in the limited form, it is effective only according to its terms." We cannot presume that the Treasurer tried to do a useless thing for the protection of his rights when he imposed, as a condition for the administrative hearing sought by the taxpayer, that the latter should waive the prescriptive period. If according to the petitioner, the case was covered by § 60(*b*), *supra*, why require the taxpayer to sign the contract?

Pursuant to § 57(*a*), *supra*, it is the duty of the Treasurer to notify the taxpayer that he has *determined* appellant's deficiency but that same Section establishes the manner of making the *assessment* of said deficiency. As we said in *Ballester* v. *Court of Tax Appeals*, 60 P.R.R. 749, 753: "If the Treasurer disagrees with the taxpayer as to the amount, he notifies the taxpayer by registered mail of a deficiency, *but does not actually assess the deficiency* until the taxpayer has been given the opportunity to take certain steps to contest the same (§ 57(*a*)). However, if the Treasurer believes that the *assessment or collection of a deficiency* will be jeopardized by delay, he *shall immediately assess* said deficiency and make the notice and demand for the payment thereof. (Sec-

tion 57 (*d*); now § 57 (*c*), by virtue of amendment of § 57 contained—§ 6 of Act No. 23, Laws of Puerto Rico, 1941, Special Session).'' (Italics ours.) It is § 60(*a*) (1), *supra,* which requires that the income tax—and when there exists a deficiency it is necessarily a part of the tax—be *assessed* by the Treasurer within seven years after the income tax return is filed.

The extensions allowed under § 60(*b*), *supra,* may be granted if the prescriptive period has not expired at the time the circumstances requiring such an extension arise, inasmuch as if the prescriptive period has expired prior to the thirty (30) days allowed by § 57(*a*) to the taxpayer to appeal after a reconsideration is denied, none of said extensions would be valid. A term which has already expired cannot be extended. Cf. *P. R. Ry. Light & Power Co.* v. *Buscaglia, Treas.* 62 P.R.R. 572.

Since in the case at bar the income tax return had been filed on December 13, 1937, the period of seven years to assess the tax expired on December 13, 1944. But since the Treasurer did not notify the determination of the deficiency until November 16, 1944, and the taxpayer sought the reconsideration and an administrative hearing twelve days later, that is, on November 28, 1944, the Treasurer in answering on December 6 of the same year that he was willing to grant a hearing if the taxpayer waived the prescriptive period, did so because he knew that there were only seven days more for the expiration of said period. According to the proceedings in this case, it can not be maintained that the extensions allowed by § 60(*b*), *supra,* are applicable. It was not logical to expect that the taxpayer, after accepting the proposition of the Treasurer, should in the meantime appeal from the notice of deficiency sent by the latter.

The fact is that the Treasurer, resting on § 61(*b*), *supra,* caused the taxpayer to sign a waiver of the prescriptive period, but in doing so, the taxpayer in turn, limited said waiver in the second paragraph of the agreement, in the

sense that the waiver would be effective from November 16, 1944, on which date the Treasurer notified the deficiency, "until after the setting and holding of the Administrative Hearing and *for an additional period of ninety (90) days counted from the date the administrative hearing is held."* (Italics ours.) This limitation was accepted by the Treasurer. If the hearing was held on May 21, 1945, the 90 days agreed on expired on August 19, 1945, on which date the Treasurer should have assessed and imposed the tax in order to comply with the condition stipulated by the taxpayer. It was not until November 26, 1945, that is more than 90 days after the agreed term had expired, that the Treasurer assessed and levied the tax, his right to do so having by then expired.

We should not forget that the Treasurer, by the third paragraph of the agreement as to the waiver of the prescriptive period, reserved his right granted by subdivision (c) of § 57 of the Act to the effect that he could ". . . *at any time prior to the notice of the decision* of the administrative hearing granted in this case, impose the deficiency subject matter of this agreement and make the notice and demand of payment *immediately* if in his opinion the assessment or the collection of the deficiency should be jeopardized by the delay. . . ." (Italics ours.) But he not only failed to make use of this right but he allowed the term stipulated in the second paragraph to elapse.

█ Petitioner also maintains that his right to assess and levy the deficiency had not prescribed inasmuch as, according to the fourth paragraph of the above-mentioned agreement, said period was extended for an additional period of 90 days after final decision was rendered by the Tax Court because the taxpayer took an appeal to said court from the deficiency notified as a result of the administrative hearing. Petitioner is mistaken. The additional extension of the prescriptive period agreed under the fourth paragraph, *supra,* would be only applicable if the condition agreed in the second paragraph of the agreement had been fulfilled

by the Treasurer. The taxpayer having been notified after the expiration of the 90-day period stipulated in the second paragraph, the right of the Treasurer to assess the deficiency prescribed, and the fact that an appeal was taken by the taxpayer cannot be considered as having the effect of extending the period again. If the Treasurer had notified the result of the administrative hearing within 90 days thereafter and the taxpayer had appealed to the Tax Court, then the additional extension of 90 days stipulated in the fourth paragraph, *supra,* would have been valid.

Petitioner's argument that there is nothing in paragraph 2 of the agreement to the effect that the Treasurer was bound *to notify* the result of the administrative hearing within 90 days after its holding, does not merit serious consideration. If the Treasurer was not bound to make this notice within said period, how was the taxpayer to know the result of the reconsideration or the administrative hearing granted? It would then be tantamount to leaving in the hands of the Treasurer indefinitely the date on which the period of 90 days was to begin.

For the reasons stated the decision of the Tax Court is affirmed.